UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRANCE HINES,

        Plaintiff,

v.

DTE ENERGY, INC.,

        Defendant.

_____/

Case No. 12-12386

Honorable Nancy G. Edmunds

**OPINION AND ORDER GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [11]**

Defendant, DTE Energy, Inc. asks the court to grant its motion for summary judgment. Plaintiff Terrance Hines, a former employee of DTE Energy, Inc. was discharged from employment in June 2007 for gross misconduct -- inappropriately touching a customer in violation of the Company Core Values and Sexual Harassment Policy. Plaintiff's union, Utility Workers Union of America, Local 223 filed a grievance and an arbitration proceeding was conducted and a decision rendered in October 2009, denying the grievance and upholding Plaintiff's discharge. (Pl.'s Resp., Ex.1, Arbitration Award.) Defendant's motion is granted because Plaintiff lacks standing to contest the arbitration award.

I.      **Facts**

In May 2012, Plaintiff filed a two count Complaint in Wayne County Circuit Court titled "Complaint to Modify Arbitration Award." The complaint names DTE Energy, Inc

as the sole defendant. It further asserts that Plaintiff is a third party beneficiary of the collective bargaining agreement between Utility Workers Union of America Local 223 and Defendant, DTE Energy, Inc. (Pl.'s Comp. Ex. A, ¶ 7.)  Count I (Violation of the Agreement) alleges Defendant violated the collective bargaining agreement by discharging Plaintiff without just cause in June 2007. (¶ 11). Count II alleges that arbitrator exceed his authority in denying the grievance and upholding Plaintiff's termination on October 2009. (¶ 15). Plaintiff requests the arbitration decision be modified to reinstate Plaintiff to employment with full seniority, back pay, and back benefits. (Pl.'s Comp. Ex. A, ¶ B). Defendant removed the case to this Court and now requests summary judgment.

## II.    Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A moving party may meet that burden "by 'showing'- that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case" *Celotex Corp v. Catrett*, 477 U.S. 317, 325 (1986). Revised Rule 56 expressly provides that:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) Citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affadvits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) Showing that the materials cited to not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56 (c)(1). The revised Rule also provides the consequences of failing to properly support or address a fact:

If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

(1) give an opportunity to properly support or address the fact;

(2) consider the fact undisputed for  purposes of the motion;

(3) grant summary judgment if the motion and supporting materials including the facts considered undisputed- show the movants in entitled to it or

(4) issue any other appropriate order.

Fed. R. Civ. P. 56(e). "The court need consider only the cited materials, but it may consider other materials in the record." Fed R. Civ. P. 56(c)(3).

When the moving party has met its burden under Rule 56, "Its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industries Co. v Zenith Radio Corp.*, 475 U.S.  574, 586 (1986). Ultimately, a district court must determine whether the record as a whole presents a genuine issue of material fact, *id.* at 587, drawing "all justifiable inferences in the light most favorable to the non-moving party." *Hager v. Pike County Bd. Of Education.* 289 F. 3d 366, 370 (6th Cir. 2002)

3

**III.        Analysis - Plaintiff Lacks Standing to Challenge Arbitration Decision**

Plaintiff's lawsuit challenges an arbitration award denying his grievance and finding just cause for his discharge. (Compl. Ex.D,10/09/09 Arb.Decision).   Defendant moves for summary judgment on two grounds. First, Defendant asserts that Plaintiff is a third party beneficiary of the collective bargaining agreement between Defendant and Utility Workers Union of America, Local 223, AFL-CIO and as such lacks standing to bring a claim to challenge the arbitration decision.   Second, Defendant claims that Plaintiff's suit is untimely. (Def.'s Br.2). Plaintiff argues the contrary. This Court addresses the standing issue first.

"The general rule in LMRA actions is that an individual employee has no standing to file an action against her employer without also suit against her union for breach of the CBA." *Aloisi v. Lockheed Martin Energy Systems, Inc.*, 321 F3d 551 ( 6th Cir. 2003). As in *Aloisi*, Plaintiff did not file a claim against his union. Consequently, as the court found in *Aloisi*, Plaintiff has no standing to bring the action.

Similarly, in *Bascahihua v. U.S. Postal Service,* 859 F. 2d 402 ( 6th Cir.1988), the court held that " results obtained by the union are normally conclusive of the employee's rights under the agreement subject to very limited judicial review." That limited review is granted when an employee challenges an arbitration award and "where he or she alleges and proves that the union breached its duty of fair representation thereby subverting the arbitration process." *Bascahihua,* 859 F.2d. at 405-406.  Similarly stated, under this body of law, an individual employee has standing to challenge an arbitration

4

award only if he or she also brings a hybrid §301 claim alleging that the union breached its duty of fair representation in the arbitration process.

Plaintiff misses the point when he argues that he is not required to bring a hybrid §301 action against the union because the union's failure to bring suit to vacate an unfavorable arbitration award does not constitute "inadequate representation." (Resp. at 1) It is the union's representation of the plaintiff/employee during the arbitration process that is at issue; and absent a claim that the union breached its duty of fair representation during that arbitration process, an individual plaintiff lacks standing to bring suit to modify or vacate an arbitration award. *See Baptiste v. U.S. Postal Serv.,* 33 F App'x 801, 802 ( 6th Cir. 2002) (observing that the plaintiff had never alleged that her union breached any duty of fair representation of her in the arbitration process that might warrant judicial review," and this did "not have standing to contest the results of arbitration of an employment grievance.").

Plaintiff has not demonstrated that he has standing. In fact, he concedes that he does not, yet asks the Court nonetheless to grant him standing. Plaintiff cites no authority that would allow the Court to do so and it will not ignore the well-established body of law. [1]

---

[1] The court does not confer status. Either Plaintiff has standing or he does not. The Federal Arbitration Act grants standing to the parties to the arbitration. *See* 9 U.S.C. §10 (a) (2002). Plaintiff concedes that he was not a party to the arbitration but rather a third party beneficiary.

5

IV.    **CONCLUSION**

For the aforementioned reasons, Defendant's motion for summary judgment is GRANTED and Plaintiff's complaint is dismissed. [2]

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  July 2, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 2, 2013, by electronic and/or ordinary mail.

s/Johnetta M. Curry-Williams
Case Manager
Acting in the Absence of Carol Hemeyer

---

[2] Defendant's second argument does not require a comprehensive analysis because Plaintiff lacks standing in the first instance. However, it should be noted that is well established in the 6th Circuit that §301 hybrid claims are subject to a six month statute of limitations, *See Bandon v. General Motors Corp.,* 679 F.2d 93 ( 6th Cir. 1982) and *Occidental Chemical Corp. v. International Chemical Workers Union, 853* F.2d 1310 (6th Cir. 1988). Subsequent Michigan law, cited by Plaintiff, does not displace this line of federal cases. Neither *Rowry v. Univ. of Michigan,* 490 N.W.2d 305 (1992) nor *City of Ann Arbor v. American Federation of State, County, And Municipal Employees Local 369* 284 Mich.App.126 (2009) addressed §301 hybrid claims. In fact, they distinguished that type of claim from those brought to either enforce an arbitration agreement *(Rowry)* or vacate an arbitration award *(City of Ann Arbor)* and thus adopted a 6 year contract based on the statute of limitations in those types of cases. Plaintiff here has standing only if he brings a §301 claim and that claim would be governed by a six month statute of limitation.

In other words, there is no need to address the timeliness issue because Plaintiff lacks standing. Even if he did have standing, it would be as a plaintiff in a §301 hybrid case that would be governed by a 6 month statute of limitation. His §301 hybrid case would be time barred because the arbitration decision was issue in October 2009 and he filed his suit in 2012.

6